ROY NOBLE LEE, Presiding Justice, for the Court:
Margutt Williams, a/k/a Margaret Williams, was indicted, tried and convicted in the Circuit Court of Bolivar County for the murder of George Robinson and was sentenced to serve a term of life in custody of the Mississippi Department of Corrections. She has appealed from the judgment of the court and assigns two errors in the trial below.
At approximately 3 a.m. on the morning of August 11, 1984, appellant, age 31 years, shot and killed her on-again off-again paramour, George Robinson, at the Club 99 in Shelby, Mississippi. Earlier in the evening, the appellant and victim had engaged in arguments and appellant was heard to make the statement that she was going to kill Robinson. Subsequently, she shot him to death with a single shot .22 Derringer. The shooting occurred in the presence of several eyewitnesses, appellant was read her Miranda rights by investigating officers, confessed to shooting Robinson and signed a confession, which was introduced into evidence. Pertinent parts of the confession follow:
[S]o then just like I say when I get mad, you know, my nerves start messing with me, and when my nerves get up-set, I ain’t got no control over them ... and if I got something in my hand I am going to throw it, or you know I be sorry afterwards, but that’s just the way I am ... and so that’s what it was all about....
Q. So what happened then?
A. Then you know just like I say, when he drawed his hand back to hit me, I had the gun out on him, and I pulled the gun out, and I pulled it out shooting ... Q. Is this the gun right here?
A. Yes, sir .. the one shot yeah.
Q. What you are saying that I just heard is a .22 Derringer, Ser# 01212 ... it’s a name brand, “Talon Waterbury” CT ... 22 single shot Derringer, and this is your gun?
A. Yes.
Q. And this is the gun that you shot George Roberson with?
A. Yes.
I.
THE LOWER COURT ERRED IN OVERRULING APPELLANT’S MOTION FOR A NEW TRIAL ON THE GROUND THAT A GUN, WHICH HAD NOT BEEN INTRODUCED IN EVIDENCE, ON TRIAL, WAS TAKEN INTO THE JURY ROOM BY THE JURY.
*841 II.
THE LOWER COURT ERRED IN OVERRULING APPELLANT’S MOTION FOR A DIRECTED VERDICT OF NOT GUILTY AND MOTION FOR NEW TRIAL ON THE GROUND THAT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
During the trial, the State offered in evidence the .22-caliber Derringer pistol, the murder weapon. Counsel for appellant objected to the introduction of the weapon on the ground that the chain of custody had not been established. Objection was sustained and, thereupon, the gun was marked for identification. Thereafter, the chain of custody was fully established without contradiction, but the State failed to again offer the weapon for admission into evidence. Later, it was taken into the jury room, never having been admitted into evidence. Appellant contends that this constituted error which requires that the judgment of the lower court be reversed.
Without question, failure to again offer the murder weapon into evidence was an oversight on the part of the State, counsel for the appellant and the court. The pistol was identified by numerous witnesses and the chain of custody was fully established. It was referred to throughout the trial as the murder weapon, and was exhibited to the jury by the district attorney and the weapon was referred to as the pistol with which the appellant shot Robinson. The appellant confessed to shooting Robinson with a .22 Derringer pistol.
The trial court should be careful in controlling exhibits which are permitted to the jury. In the present case, it is manifest that the parties, court officials and court overlooked the fact that the pistol had not been again offered in evidence after the chain of custody was established. As stated, it was referred to throughout the trial and counsel for appellant never objected to its reference and never objected to its being taken as a part of the exhibits to the jury room. On the motion for new trial and hearing, the lower court overruled the motion with the following finding:
This cause came on to be heard this date on Motion for a New Trial and the Court having considered the same finds that the .22 caliber pistol taken by the jury into the jury room for their deliberation was not entered into evidence at trial, but the pistol was used extensively by the prosecution in its case-in-chief and the defendant was not prejudiced by the jury having the pistol for their deliberation; the Court having considered the remaining points of defendant’s Motion for a New Trial finds it is not well taken;
The oversight and error were harmless. Mississippi Supreme Court Rule 11 follows:
No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear from the whole record, that such judgment has resulted in a miscarriage of justice.
In Glass v. State, 278 So.2d 384, 388 (Miss.1973), the Court said:
Furthermore, we are of the opinion that if it could be said that it was error to admit the shotgun in evidence such error was not prejudicial. There was no doubt that appellant shot Nance with a shotgun and the introduction of the shotgun supposed to have been used in the shooting added nothing to his admission that he shot and killed the deceased. The error, if any in this regard, was harmless beyond any reasonable doubt.
We are of the opinion that the error in permitting the pistol which had not been introduced in evidence into the jury room was harmless error beyond reasonable doubt.
The appellant next contends that the lower court erred in declining to grant a directed verdict in her behalf and that the jury verdict was against the overwhelming weight of the evidence. At the conclusion of the State’s case, appellant moved the *842 court for a directed verdict of not guilty, which was overruled, and then proceeded to introduce evidence. When the appellant rested, that motion for a directed verdict was not renewed and was therefore waived.
We have carefully considered all the evidence in the record and have examined the instructions granted by the court. We are of the opinion that a guilt issue was presented by the evidence and was submitted to the jury under proper instructions.
There being no reversible errors in the record, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.